UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:25 CR 51 SRC (ACL) |
| JAMOND M. RUSH, | ) ) ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This matter is before the Court[1] on Defendant Jamond M. Rush's First Amended Motion to Dismiss. (Doc. 37.) The Government opposes the Motion. (Doc. 38.)

The Motion was filed considering the "developing national jurisprudence" regarding application of the Second Amendment. (Doc. 37 at 2.) Rush claims he should not be considered a prohibited person based on his single felony conviction for having unlawfully possessed a short-barrel rifle. He alternatively requests dismissal of the Indictment based on a claim that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him. Rush acknowledges that binding Circuit precedent forecloses the relief he requests. Rush's purpose in filing the Motion is to preserve his arguments.

The Government's response in opposition observes that although Rush is attempting to have his predicate conviction vacated, Rush understands that his prior conviction stands.

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

According to the Government, "this means that Rush will remain a convicted felon—and thus be prohibited from possessing firearms under § 922(g)—until the Supreme Court tells us otherwise." (Doc. 38 at 2.) As to Rush's alternative ground for relief, the Government plainly states that "binding Eighth Circuit precedent forecloses" that claim. *Id.* (Citations omitted).

As this Court is bound by prevailing law, the undersigned must recommend that Rush's First Amended Motion to Dismiss be denied. The recommendation is based on the findings of fact and legal analysis set out below.

### Factual Findings

The Defendant is charged in this matter with the offense of being a previously convicted felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The predicate conviction for that charge is a case wherein the Defendant was found guilty of possessing an unregistered short-barreled rifle in violation of 26 U.S.C. § 5861(d). That conviction was entered in the Southern District of Illinois in November of 2023. *See United States v. Rush*, Case No. 4:22-CR-40008 (SDIL). Rush filed a Motion to Dismiss on Second Amendment grounds in that case, which was denied. Thereafter, he entered a conditional plea so that he could appeal his conviction to the Seventh Circuit Court of Appeals. That appeal, Seventh Circuit Case No. 23-3256, resulted in the affirmance of Rush's conviction.

Rush now has a Petition for Writ of Certiorari pending with the United States Supreme Court in Case No. 24-1259. The briefing was completed on October 23, 2025. Thus, there is not likely to be a resolution of the matter for an extended period.

If successful in his appeal to the Supreme Court, the Defendant's sole felony

conviction for being in possession of an unregistered short-barreled rifle from the Southern District of Illinois would be set aside and this prosecution would fail.

On June 16, 2025, at the Defendant's request and without objection from the Government, consideration of the Motion was stayed to allow time for the Supreme Court to consider the Defendant's Petition.   Later, on September 20, 2025, the Defendant requested that the stay be lifted as he is detained and understands resolution of the matter in the Supreme Court may take a significant amount of time.   Rush also "understands that under the current jurisprudence in this Circuit his motion to dismiss…will necessarily have to be denied, however, he nonetheless wishes to preserve those arguments…"   (Doc. 28 at 2.)

Later, on October 23, 2025, this matter was set for an evidentiary hearing on Rush's Motion to Suppress.   After counsel for both parties made a record regarding the relevant body camera footage and a discussion was held related to the post-hearing briefing schedule, Rush announced that he wanted to withdraw his suppression motion.   That said, Rush reaffirmed his intent to pursue his Motion to Dismiss.

On October 29, 2025, the undersigned held a phone conference with counsel regarding the fact the original Motion to Dismiss (Doc. 20) had not been fully briefed. Defense counsel made an oral motion to file an amended Motion to Dismiss, which was granted.   Having now received the parties' briefs, the matter is ripe for disposition.

## Discussion

The instant Indictment charges Rush with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).   As noted above, Rush's single conviction is for unlawful possession of a short-barreled rifle.

Rush's Motion to Dismiss incorporates all the arguments asserted in his case from the Southern District of Illinois (SDIL), *United States v. Rush*, 130 F.4th 633 (7th Cir. 2025),[2] and his Petition (Doc. 20-4) before the United States Supreme Court.

In his SDIL Motion to Dismiss, Rush argued that the Supreme Court's decision in *New York Rifle and Pistol Association v. Bruen*:

> overturned existing law in every circuit and held that the rights guaranteed by the Second Amendment are not subject to any interest balancing or means-ending scrutiny, explaining, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. 1, 17 (2022). To then justify regulating protected conduct, "the government may not simply posit that the regulation promotes an important interest." *Id*. at 17. "Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition the delimits the outer bounds of the right to keep and bear arms." *Id*. at 19. The government cannot meet its burden with respect to 26 U.S.C. § 5861(d).[3]

Rush concluded that because § 5861(d) is "not part of this Nation's history and tradition, [it imposes] unconstitutional restrictions on the Second Amendment Right to keep and bear arms."[4] He argued that "the text of the Second Amendment extends to all 'bearable' arms and thus his possession of a short-barreled rifle falls neatly within its ambit." *Rush*, 130 F.4th at 639.

In his appeal to the Seventh Circuit, Rush insisted that "short-barreled rifles are not dangerous and unusual, and that they were not only in common use during the Founding Era

---

[2] The Seventh Circuit held that binding precedent foreclosed Rush's allegation that § 5861(d) "unconstitutionally burdens core conduct protected by the Second Amendment." *Id*. at 635.
[3] *United States v. Rush*, Case No. 4:22-CR-40008, Southern District of Illinois, Doc. 28 at 2.
[4] *Id*. at 13.

but remain common today." *Id*. at 644.  He cited "various secondary sources describing types of short-barreled weapons in use as early as the 1800s in England and during the American Revolution." *Id*.  He also cited "statistics that he believes demonstrate the widespread use of short-barreled rifles today.  A Bureau of Alcohol, Tobacco, Firearms and Explosives statistic cited by Rush states that there were 532,725 registered short-barreled rifles in the United States in 2021." *Id*.

The question presented in Rush's Petition to the Supreme Court is "[w]hether the Second Amendment secures the right to possess unregistered short-barreled rifles that are in common use for lawful purposes."  *See* Doc. 20-4 at 2.

In the instant Motion, Rush argues that § 5861(d) "unconstitutionally burdens core conduct protected by the Second Amendment," thus making his "prior conviction, which serves as the predicate felony to the instant case [ ] illegal."  (Doc. 37 at 2.)  He alternatively asserts that § 922(g)(1), as charged in the pending Indictment, is unconstitutional as applied to him.

Notwithstanding the foregoing arguments, Rush "concedes that federal courts are generally required to give full faith and credit to valid judgments from other federal courts under the principles of comity and res judicata."  *Id*. at 4.  He also acknowledges the Eighth Circuit's decision in *United States v. Jackson*, wherein it considered the repeated assurances by the Supreme Court that "recent decisions cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons..."   110 F.4th 1120, 1129 (8th Cir. 2024).  Rush further cites the *Jackson* panel's conclusion that "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Id*. at 1125.   The *Jackson* panel

held that the statute is constitutional as applied to Jackson.

Based on the foregoing, Rush is prohibited from possessing firearms by virtue of his conviction under § 5861(d) and § 922(g)(1) is constitutional as applied to him.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Defendant's First Amended Motion to Dismiss (Doc. 37) be **denied**.

Further, the parties are advised that they have until November 26, 2025, to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 12th day of November, 2025.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE
